**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSHANA CAMPBELL,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 26-cv-05076-BAS-GC<br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br>**(ECF No. 1)** |

Petitioner Sushana Campbell filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release or, in the alternative, a bond hearing. (ECF No. 1.) The Government responded to the Petition, acknowledging that pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), Petitioner is entitled to a bond hearing. (ECF No. 4.) Petitioner replies and reiterates her request for immediate release. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition to the extent it requests a bond hearing before an Immigration Judge.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since she is seeking release from custody, she has standing to pursue this Petition.

## II. ANALYSIS

Petitioner, a Jamaican citizen, entered the United States on August 19, 2001, and was released on her own recognizance. (Pet. ¶ 1, ECF No. 1.) On January 2, 2003, an Immigration Judge ordered her removed in absentia—she claims she never received notice of the hearing. (*Id.* ¶ 2.) On February 19, 2026, Immigration and Customs Enforcement ("ICE") rearrested her, and on April 23, 2026, an Immigration Judge granted her motion to reopen proceedings. (*Id.* ¶¶ 2–3.) Although an Immigration Judge held a bond hearing on August 20, 2026, the Judge concluded the Immigration Court had no jurisdiction to set bond, relying on *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025) (providing that an individual arrested, whether or not at a port of entry, is an applicant for admission and, as such, is ineligible for bond under 8 U.S.C. § 1226(a)).

The Ninth Circuit recently put to rest the issue of whether *Matter of Q. Li* remains good law in the Ninth Circuit. *Rodriguez Vazquez*, 183 F.4th 1160. It does not. *Id.* at 1165 ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). The Government does not oppose the request for a bond hearing pursuant to 8 U.S.C. § 1226. (ECF No. 4.) In light of the Court's ruling on this statutory issue, the Court declines to address the constitutional issue of prolonged detention. *See N.W. Austin Mun. Util. Dist. No. One v. Holder,* 557 U.S. 193, 205 (2009) ("[N]ormally the court will not decide a constitutional question if there is some other ground upon which to dispose of the case."). Hence, the Court **GRANTS** the Petition to the extent it requests a bond hearing before an Immigration Judge.

## III. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Sushana Campbell (A# 079-398-585) within 14 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 23, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**